

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 9, 1976

The Honorable Knute L. Dietze
Criminal District Attorney
Victoria County Courts Building
Victoria, Texas  77901

The Honorable W.T. McDonald, Jr.
District Attorney
Brazos County
Bryan, Texas  77801

The Honorable Roland M. Searcy
County Attorney
Brazos County
Bryan, Texas  77801

Opinion No. H-908

Re:  Authority of the
commissioners court to
veto the salaries budgeted
by the criminal district
attorney and submit its
own budget.

Gentlemen:

Mr. Dietze asks the following question:

> Once the Victoria County Criminal District
> Attorney employs his assistants and
> fixes the salaries of his assistants and
> investigators, does the commissioners
> court have the authority to veto the
> budget as set by the Criminal District
> Attorney and submit [its] own budget.

Mr. McDonald asks essentially the same question with respect
to the district attorney of the 85th Judicial District.  Mr.
Searcy asks whether the commissioners court may veto the
county attorney's budget.

Article 332a, V.T.C.S., which authorizes prosecuting
attorneys (defined to include county attorneys, district
attorneys and criminal district attorneys) to employ assistants,
investigators and other personnel, provides:

Sec. 5.   Salaries of assistant prosecuting attorneys, investigators, secretaries and other office personnel shall be fixed by the prosecuting attorney, subject to the approval of the commissioners court of the county or the counties composing the district.

Sec. 6.   Assistant prosecuting attorneys and investigators, in addition to their salaries, may be allowed actual and necessary travel expenses incurred in the discharge of their duties, not to exceed the amount fixed by the prosecuting attorney and approved by the commissioners court of the county or the counties composing the district.   All claims for travel expenses may be paid from the General Fund, Officers' Salary Fund, or any other available funds of the county. (Emphasis added).

The answer to the question depends on the interpretation of the underlined language of section 5.   In construing statutes, the ordinary meaning shall be applied to words.   V.T.C.S. art. 10, § 1.   "Subject to" is defined as follows:

[S]ubordinate . . . obedient to; governed or affected by . . . .   Black's Law Dictionary 1594 (4th ed. 1951).

"Subject," used as an adjective, is defined as

likely to be conditioned, affected or modified in some indicated way: having a contingent relation to something and usu[ally] dependent on such relation for final form, validity, or significance. Webster's Third International Dictionary 2275.

We believe that the salaries set by the criminal district attorney, district attorney, or county attorney are not final, but conditioned upon the approval of the commissioners court.  The commissioners may disapprove the salaries, and therefore can be said to have veto power over that part of the district attorney's budget.  Section 6 permits travel expenses in an amount fixed by the prosecuting attorney and approved by the commissioners court.  This reiteration of the approval requirement indicates that its inclusion in section 5 was not inadvertent, and that it is a necessary step in determining major expenditures.

It is suggested that our interpretation of article 332a should follow judicial constructions of language in article 42.12, section 10, Code of Criminal Procedure.

> [T]he district judges . . . are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ . . . and fix the salaries of probation officers. . . . (Emphasis added).

This provision requires that the judges merely consult with the commissioners on county finances, while the commissioners must budget the money so long as the expenditures are necessary and reasonable.  Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. -- Amarillo 1971, writ ref'd n.r.e.).  Constructions of article 42.12, section 10, however, do not control article 332a, section 5, which consists of different language in a different context.

The relevant language of article 332a, section 5, is unambiguous and can be read in harmony with the entire statute without departing from its plain meaning.  The statute makes prosecuting attorneys responsible for personnel matters -- hiring, removal and setting salaries and travel expenses. V.T.C.S. art. 332a, §§ 2, 4, 5, 6.  It makes the commissioners court responsible for financial matters -- approving the prosecutors' salary and travel expense proposals, and providing for office expenses.  Id. §§ 5, 6, 7.

The Honorable Knute L. Dietze
The Honorable W. T. McDonald, Jr.
The Honorable Roland M. Searcy - page 4   (H-908)


Article 3912k, V.T.C.S., which concerns salaries of
certain county employees, does not apply to the salaries
about which you inquire.  Article 332a is the more specific
statute, was enacted later in time, and repeals conflicting
laws.  V.T.C.S. art. 332a, § 9.  Article 3912k does not in
any case apply to the employees of a district attorney.  See
Attorney General Opinion H-656 (1975).

We conclude that the commissioners court may refuse to
approve the salaries proposed by the Victoria County Criminal
District Attorney, or the District Attorney or County Attorney
of Bryan County.

### S U M M A R Y

The salaries for assistants and investi-
gators fixed by a district attorney,
criminal district attorney, or county
attorney must be approved by the
commissioners court in order to become
effective.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb

p. 3812